# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GARY W. WALTERS,

                  Plaintiff,

vs.

ROBERT A. GARCIA, et al.,

                  Defendants.

Case No. 2:05-cv-01402-RLH-PAL

**REPORT OF FINDINGS AND RECOMMENDATION**

      This matter is before the court on plaintiff's failure to comply with numerous court orders, including this court's Order to Show Cause (#49) requiring plaintiff Gary W. Walters to show cause, in writing, no later than February 28, 2008, why a recommendation to the District Judge should not be made that this case be dismissed without prejudice for failure to obey the court's orders, and failure to prosecute.

      Having reviewed and considered the matter, the court makes the following findings:

1. The Complaint in this case was filed November 23, 2005 (#1). On February 7, 2007, the Clerk of the Court sent a Notice to Counsel (#28) advising the parties that pursuant to LR 41-1, if no action was taken in this case within thirty days, the Clerk's Office would make application to the court for dismissal for want of prosecution. The notice provided the LR 41-1 dismissal deadline was March 9, 2007.

2. On March 7, 2007, plaintiff Gary Walters filed a Motion for Court for Stay of Proceedings and Continuance Exstending [sic] a Set Calander [sic] Date (#29). The court reviewed the motion and construed it as a request for a continuance and stay. Plaintiff indicated that his claims were meritorious, and that he would obtain "proper legal representation by an [sic] licensed state of Nevada attorney." His motion did not

indicate how much time he needed. The court's Order (#30) gave the plaintiff until April 16, 2007 in which to retain counsel to make an appearance in this action, meet and confer with opposing counsel, and file a proposed a stipulated discovery plan and scheduling order. The court's Order (#30) warned the plaintiff that if he was unable to retain counsel on or before April 16, 2007, he "shall take the necessary steps to prosecute his claims, or the court will recommend to the District Judge that this matter be dismissed for his failure to prosecute pursuant to the provisions of Fed. R. Civ. P. 41(b) and LR 41-1."

3. The court received notice from the United States Postal Service that the court's Order (#30) which the Clerk of the Court attempted to serve on the plaintiff was returned as undeliverable. The Clerk's Office served the notice at the address plaintiff originally provided, but because plaintiff had provided the court with a change of address on his motion to stay, the court entered an Order (#32) directing the Clerk of the Court to make appropriate changes on the court's CM/ECF system to reflect plaintiff's new address, requiring the Clerk to serve a copy of the court's Order (#30) on the plaintiff, and giving the plaintiff until July 9, 2007 in which to retain counsel to make an appearance in this action, meet and confer with opposing counsel, and file a proposed stipulated discovery plan and scheduling order. The court's Order (#32) again warned plaintiff that if he was unable to retain counsel on or before July 9, 2007, he "shall take the necessary steps to prosecute his claims, or the court will recommend to the District Judge that this matter be dismissed for his failure to prosecute pursuant to the provisions of Fed. R. Civ. P. 41(b) and LR 41-1." The court's Order (#32) also required the plaintiff to serve upon the defendant, or defense counsel, a copy of every pleading, motion, or other documents submitted for consideration by the court. The order directed that plaintiff include with any original papers submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants. The order warned the plaintiff that the court may disregard any paper received by a district judge or magistrate judge which has not been filed with

|   |   |   |
|---|---|---|
| 1 |   | the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk |
| 2 |   | which fails to include a certificate of service. |
| 3 | 4. | Thereafter, the plaintiff requested, and received multiple extensions of time to retain |
| 4 |   | counsel and file a proposed discovery plan and scheduling order.  (See Order (#35) |
| 5 |   | granting Docket #34, Ex Parte Motion for Extension of Time to Comply with June 16, |
| 6 |   | 2007 Order of the Court; Docket #37, Order granting Docket #36, Ex Parte Motion for |
| 7 |   | Time to Comply with June 16, 2007 Order; Order (#40) granting Docket #39, Motion to |
| 8 |   | Withdraw as Attorney; Order (#43) granting Docket #42, Motion for Extension of Time |
| 9 |   | for Securing Adequate Counsel to Represent Plaintiff; Order (#46) granting Docket #45, |
| 10 |   | Request for Extension of Time).  Order (#43) gave plaintiff until December 28, 2007 to |
| 11 |   | retain substitute counsel or file a notice with the court that he would be appearing in this |
| 12 |   | matter *pro se*. |
| 13 | 5. | On December 28, 2007, plaintiff contacted the undersigned's Chambers, indicating he |
| 14 |   | was at the law firm of John Peter Lee making arrangements for the law firm to represent |
| 15 |   | him in this action, that the arrangements would be finalized on January 2, 2008, and |
| 16 |   | requesting a seven-day extension of the court's Order (#43) giving him until December |
| 17 |   | 28, 2007 in which to retain substitute counsel.  The faxed copy of the handwritten |
| 18 |   | request for extension was not served on opposing counsel or filed with the Clerk of the |
| 19 |   | Court.  Chambers reminded Mr. Walters of his obligation to serve opposing counsel with |
| 20 |   | any requests for relief, and as a courtesy, faxed a copy of the court's docket sheet |
| 21 |   | reflecting the appearances of all counsel of record to him at the law offices John Peter |
| 22 |   | Lee. |
| 23 | 6. | On January 10, 2008, plaintiff filed another Request for Extension of Time (#45), |
| 24 |   | indicating that "we" had met with the law firm of John Peter Lee which was willing to |
| 25 |   | represent him provided a prepaid retainer was received, and that he was "negotiating |
| 26 |   | with a company from London UK" and expected funds would be available to pay the |
| 27 |   | attorneys within fourteen days.  On the same day, Chambers received a telephone call |
| 28 |   | from a person purporting to be an attorney who wanted to provide additional information |

        to the court. He was instructed to file something if he wished to have it be considered. Nothing was filed, but Chambers received a letter via facsimile which purported to be from the law offices of H. Cy Schaffer making representations about the plaintiff's financial condition.

7. The court entered an Order (#46) giving plaintiff "one **FINAL** opportunity to comply with the court's orders to either retain substitute counsel or file a notice with the court indicating that he will be appearing in this matter *pro se*." Plaintiff was given until January 28, 2008 to retain substitute counsel or file such a statement, and informed that no further extensions would be allowed. The court also ordered plaintiff to "cease and desist from contacting Chambers to request any form of relief, and shall file any request for relief with the Clerk of the Court providing proof of service on counsel for all the parties." The order warned plaintiff that "**failure to comply fully and completely with the provisions of this order will result in the recommendation to the District Judge that this matter be dismissed for his failure to comply with the court's orders, and failure to prosecute pursuant to the provisions of Fed. R. Civ. P. 41(b) and LR 41-1.**"

8. Plaintiff filed a motion (#48) for a 10-day extension to retain counsel on January 28, 2008. The motion represented that "we have just secured the services of Robert Weatherford, Esq To represent ourselves in the Court Action," and that "The financing from the Trafalger Bank has been delayed for Another ten days." No proof of service was attached to the motion as required by LR 5-1 and by the court's previous orders.

9. On February 12, 2008 the court entered an Order to Show Cause (#49). In the order (#49), the court found that the plaintiff had received numerous extensions of time to comply with this court's orders to either retain counsel or file a statement with the court indicating he would be appearing in this matter *pro se*; that he has been repeatedly warned that his failure to comply with the court's orders and prosecute his claims may result in a recommendation to the District Judge that his case be dismissed for failure to prosecute; that plaintiff has also been ordered to file anything he wishes the court to

|   |     |                                                                                                  |
|---|-----|--------------------------------------------------------------------------------------------------|
| 1 |     | consider with the Clerk of the Court and serve a copy on opposing counsel providing             |
| 2 |     | proof of service; that he has repeatedly failed to comply with these orders; and that the       |
| 3 |     | court gave plaintiff one **FINAL** opportunity to comply with these orders but plaintiff        |
| 4 |     | failed to do so.  The court ordered plaintiff to show cause why this action should not be       |
| 5 |     | dismissed for failure to obey the court's orders and failure to prosecute pursuant to the       |
| 6 |     | provisions of Fed. R. Civ. P. 41(b) and LR 41-1, and that failure to timely comply with         |
| 7 |     | the order (#49) would result in the recommendation to the District Judge that this case be     |
| 8 |     | dismissed for failure to obey the court's orders, and failure to prosecute.                     |
| 9 | 10. | To date, plaintiff has not complied with the court's orders to either retain substitute         |
| 10|     | counsel or file a notice with the court indicating that he will be appearing in this matter    |
| 11|     | *pro se*, nor has he shown cause, in writing, why this case should not be dismissed for        |
| 12|     | failure to obey the court's orders and failure to prosecute pursuant to the provisions of       |
| 13|     | Fed. R. Civ. P. 41(b) and LR 41-1.                                                              |
| 14| 11. | The court may dismiss an action for failure to prosecute, contempt of court, or abusive         |
| 15|     | litigation practices.  TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir.       |
| 16|     | 1987).  Dismissal is proper where the party's conduct is due to willfulness, bad faith, or      |
| 17|     | fault, and there is a nexus between the misconduct and the matters in controversy such         |
| 18|     | that the rightful decision of the case is threatened.  Anheuser-Busch v. Natural Beverage      |
| 19|     | Distrib., 69 F.3d 337, 348 (9th Cir. 1995).  The court must weigh the following factors        |
| 20|     | before imposing dismissal: 1) the public's interest in expeditious resolution of litigation;    |
| 21|     | 2) the court's need to manage its docket; 3) the risk of prejudice to the party seeking        |
| 22|     | sanctions; 4) the public policy favoring disposition of cases on their merits; and 5) the     |
| 23|     | availability of less drastic measures.  Id.  Dismissal ensures the integrity of the court's    |
| 24|     | orders and the orderly administration of justice.  Halaco Engineering Co. v. Costle, 843       |
| 25|     | F.2d 376, 380 (9th Cir. 1988).                                                                  |
| 26| 12. | Plaintiff was served with a copy of each of the court's orders requiring him to either         |
| 27|     | retain substitute counsel or file a notice with the court indicating that he will be           |
| 28| /// |                                                                                                  |

appearing in this matter *pro se*, and with the court's Order to Show Cause (#49), and was given sufficient time to comply with the court's orders.

13. Plaintiff's willful failure to either retain substitute counsel or file a notice with the court indicating that he will be appearing in this matter *pro se* and comply with the court's orders constitutes failure to prosecute and has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because plaintiff has repeatedly refused to comply with multiple court orders and the Local Rules of Practice. There has been no action taken to prosecute this case since plaintiff was notified on February 7, 2007 that the Clerk would make application and dismissal for want of prosecution.

Based on the foregoing and for good cause appearing,

**IT IS RECOMMENDED** that this case be dismissed without prejudice.

Dated this 5th day of March, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE